# THE ATTORNEY GENERAL
## OF TEXAS


**WILL WILSON**
ATTORNEY GENERAL

This Opinion
Overrules Opinion
. V-818
where conflict.

January 20, 1960

Merton M. Minter, M. D.
Chairman, Board of Regents
The University of Texas
Austin, Texas

Dear Dr. Minter:

Opinion No. WW-783

Re: May the available University
Fund be used at any of the
branches of the University of
Texas other than the constitu-
tional branches.

We quote as follows from your recent letter:

"Chapter 129, page 219, Acts 56th Legisla-
ture, 1959, Regular Session (codified as Art.
2606c, Vernon's Civil Statutes), authorized and
directed the Board of Regents of The University
of Texas to establish a medical department or
branch of The University of Texas within Bexar
County, to be known as the South Texas Medical
School. The Act directs the Board of Regents
to proceed with the necessary planning for the
conduct and operation of a first class medical
school. During this planning stage a question
has arisen as to whether the South Texas Medical
School would be eligible to participate in the
bond program authorized by Article VII, Section
18 of the Constitution, inasmuch as the provi-
sions of this section are limited to those units
specifically named.

"We respectfully request your opinion on the
following questions:

"1. May the Available University Fund be
used at any of the branches of The University
of Texas other than the constitutional branches
located by a vote of the people, namely, the Main
University at Austin and the Medical Branch at
Galveston?

"2. May bond funds provided for in Section 18, Article VII of the Constitution of Texas be utilized at any branch or component part of the University of Texas not included in Section 18 but subsequently authorized by statute, or should such bond funds be limited exclusively to those institutions which are enumerated by name within the constitutional amendment of 1956?"

Section 18 of Article VII of the Texas Constitution, as amended in 1956, provides in part as follows:

". . . for the purpose of constructing, equipping, or acquiring buildings or other permanent improvements for The University of Texas System, including the Main University of Texas at Austin, The University of Texas Medical Branch at Galveston, The University of Texas Southwestern Medical School at Dallas, The University of Texas Dental Branch at Houston, Texas Western College of The University of Texas at El Paso, The University of Texas M. D. Anderson Hospital and Tumor Institute at Houston, The University of Texas Postgraduate School of Medicine, The University of Texas School of Public Health, McDonald Observatory at Mount Locke, and the Marine Science Institute at Port Aransas, the Board of Regents of The University of Texas is hereby authorized to issue negotiable bonds and notes not to exceed a total amount of two-thirds (2/3) of twenty per cent (20%) of the value of the Permanent University Fund exclusive of real estate at the time of any issuance thereof; provided, however, no building or other permanent improvement shall be acquired or constructed hereunder for use by any institution of The University of Texas System, except at and for the use of the general academic institutions of said System, namely, the Main University and Texas Western College, without the prior approval of the Legislature or of such agency as may be authorized by the Legislature to grant such approval. Any bonds or notes issued hereunder shall be payable solely out of the income from the Permanent University Fund. Bonds or notes so issued shall mature serially or otherwise not more than thirty (30) years from their respective dates.

". . . The University of Texas System, and all of the institutions constituting such system as hereinabove enumerated, shall not, after the effective date of this Amendment, receive any General Revenue funds for the acquiring or constructing of buildings or other permanent improvements, except in case of fire, flood, storm, or earthquake occurring at any such institution, in which case an appropriation in an amount sufficient to replace the uninsured loss so incurred may be made by the Legislature out of General Revenue funds." (Emphasis ours).

When the language of a constitutional provision has a clear and definite meaning, this meaning is to be accepted without resorting to extrinsic evidence. 9 Tex. Jur. 438, Constitutional Law, Sec. 26.

Patently, the subject amendment authorizes the issuance of bonds and notes for the purpose of constructing, equipping or acquiring buildings or other permanent improvements for certain schools, such bonds and notes to be payable out of and secured by income from the Permanent University Fund. Income from the investment of the Permanent University Fund is known and designated as the Available University Fund. Attorney General's Opinion V-818 (1949).

One of the categories of schools designated by the amendment as being eligible for the above mentioned benefits is the "University of Texas System". Prior to the amendment of 1956, this section referred to the "University of Texas" instead of the "University of Texas System". Any doubt about whether this change meant to extend these benefits to schools other than the Main University at Austin and the Medical Branch at Galveston is erased by the amendment's express enumeration of eight institutions in addition to the Main University at Austin and the Medical Branch at Galveston.

To the extent indicated above the Available University Fund may now be used by schools other than the Main University at Austin and the Medical Branch at Galveston, Attorney General's Opinion V-818 (1949) to the contrary not-withstanding. This opinion is accordingly to such extent overruled.

Since the amendment has nothing to do with the use

3890

of the Available University Fund for purposes of support and maintenance, there is no reason to question the validity of Attorney General's Opinion V-818 (1949) insofar as it holds that the Available University Fund may not be used for the support and maintenance of any institutions except the three "constitutional branches" of the University of Texas, namely, the Main University at Austin, the Medical Branch at Galveston and the Agricultural and Mechanical College at Bryan.

The language of the second paragraph of the amendment, as quoted at the outset of this opinion, suffices to settle the question of whether the named schools are the only institutions which are part of the University of Texas System for purposes of this amendment when it provides:

". . . The University of Texas System, and all of the institutions constituting such System as hereinabove enumerated, . . ."

The amendment itself thus declares that the institutions enumerated therein constitute all of the University of Texas System" within the intendment of the amendment. Therefore, the bonds provided for in Section 18, Article VII of the Texas Constitution, cannot be utilized at any branch or part of the University of Texas which is not named in the amendment.

Hence, your first question is answered in the affirmative, as qualified above, and the first part of your second in the negative.

In so ruling, we are not unmindful of the importance of the South Texas Medical School. It is a cardinal principle in our State's jurisprudence that constitutional provisions may not be "bent to meet beneficient purposes, however noble the design may be". 9 Tex. Jur. 427, Constitutional Law, Sec. 18. This Department is not authorized to write a new provision into the fundamental law. The change, if any is to be effected, must be made by the people through an amendment to the Texas Constitution.

It is observed that the subject amendment does not prohibit the Legislature from appropriating monies from the

General Revenue Fund for acquiring or constructing of buildings or other permanent improvements at the South Texas Medical School.

## SUMMARY

The Available University Fund may be pledged to secure and used to pay interest and principal on bonds and notes issued to obtain permanent improvements at certain branches of the University of Texas in addition to the Main University at Austin and the University of Texas Medical Branch at Galveston. However, the bond funds provided for in Section 18, Article VII of the Constitution of Texas, as amended in 1956, may not be utilized at any branch or component part of the University of Texas System which is not specifically named in the amendment of 1956.

Yours very truly;

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Henry G. Braswell
Assistant

HGB:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Grundy Williams
Bob Eric Shannon
C. Dean Davis
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
BY Leonard Passmore